### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

KERRY DEON GOSS
ADC #104522                                                                                          PLAINTIFF

V.                                             3:08CV00197 BSM/JTR

CRAIGHEAD COUNTY JAIL, et al.                                                       DEFENDANTS

### ORDER

Plaintiff, who is currently incarcerated at the Varner Unit of the Arkansas Department of Correction, has filed an Application to Proceed *In Forma Pauperis* and a *pro se*[1] § 1983 Complaint alleging that Defendants violated his constitutional rights while he was confined in the Craighead County Jail. *See* docket entry #2. For the reasons set forth herein, the Court will give Plaintiff thirty days to: (1) file a prisoner trust fund calculation sheet; and (2) file an Amended Complaint.

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## I.  Application to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. § 1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has not provided the Court with a prisoner trust fund calculation sheet specifying his average monthly deposits and average monthly balances.  The Court must have this information to: (1) determine whether Plaintiff is entitled to proceed *in forma pauperis;* and (2) assess an initial partial filing fee.  *See* 28 U.S.C. § 1915(3)(b)(1) (providing that the initial partial filing fee shall be "20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account").  Accordingly, the Court will give Plaintiff thirty days to file a properly completed prisoner trust fund calculation sheet.[2]  In contrast, if Plaintiff does *not* wish to proceed with this case, he should file a Motion for Voluntary Dismissal, and this case will be dismissed, without assessment of any portion of the filing fee.

---

[2] The prisoner trust fund calculation sheet *must* be signed by an authorized prison official.

## II.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In his Complaint, Plaintiff alleges that Defendants knowingly housed him with two inmates who had tuberculosis, thereby causing Plaintiff to contract that disease.  *See* docket entry #2. However, the Court needs further information in order to complete the screening function mandated by § 1915A.  Accordingly, Plaintiff is directed to file, within thirty days of the entry of this Order, an Amended Complaint that specifies how Defendants County Judge Money and Sheriff Jack McCainn personally participated in, or are otherwise legally responsible for, the deprivation of Plaintiff's constitutional rights.

## III.  Conclusion

1. The Clerk shall send Plaintiff a prisoner trust fund calculation sheet.

2. Plaintiff shall, **within thirty days of the entry of this Order**, file his properly completed prisoner trust fund calculation sheet.

3. Plaintiff shall file an Amended Complaint, containing the information specified herein, **within thirty days of the entry of this Order.**

4. Plaintiff is reminded (as fully explained in footnote 1 to this Order) that the failure

to timely and properly comply with this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 3rd day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE